EMILY F. AMES *et al.*

*v.*

KNOWLTON L. AMES *et al.*

*Filed at Ottawa, June 19, 1894.*

1. CHANCERY—*duty to appoint a guardian ad litem for minors.* Where the interests of minor complainants, and those of one assuming to act as next friend, are hostile to each other, it is the duty of the court to appoint a guardian *ad litem*, and the minors should be represented by counsel, distinct from those representing the hostile interests.

2. INFANTS—*jurisdiction of courts of equity over.* Courts of equity have plenary jurisdiction over the persons and estates of infants, and will, in the exercise of that jurisdiction, cause to be done whatever may be necessary to preserve their estates and protect their interests.

3. It is the business of a court of chancery to see that no one stands between the infant and a just protection of his rights; and for this purpose the court may appoint a person to prosecute or defend for the infant. By the statute the court has power to appoint a next friend to prosecute a suit as well as to commence it.

4. Where a bill is filed in the name of infants by their mother as their next friend and others, for the partition of land, and the assignment of her dower, her interest and that of the infants are hostile, and the court may appoint a guardian *ad litem* to protect the minors' interests.

And the fact that other counsel may represent the minors, will not change the rule as to the power of the court, if they are employed by a next friend whose interest is adverse to them.

5. ATTORNEY'S FEE—*allowance of, to guardian ad litem.* A court of chancery has the power to allow to a guardian *ad litem,* and tax as costs, a reasonable attorney's fee for prosecuting or defending a suit by or against infants. This power of taxing a solicitor's fee as costs is not derived from section 40 of the Partition act, but from section 6 of the Chancery act, and such order may be made pending an appeal of the main case to this court.

WRIT OF ERROR to the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

On July 10, 1891, Emily Faithful Ames and Miner T. Ames, minors, by their next friend, Irene C. Ames, and Irene C. Ames in her own right as widow of Miner T. Ames, filed a bill in the Circuit Court of Cook county against Knowlton L. Ames, Jane Rose Ames Ross and Harriet Chaffee Ames. The bill sought partition of the real estate left by the father, Miner T. Ames, deceased, of the value of about $350,000, and the assignment of dower to the widow, Irene C. Ames, in the same premises, which premises consisted largely of a coal mine at Minonk, Illinois. Irene C. Ames brought the bill in the name of said minors by herself, as next friend of the minors, and on her own behalf as dowress. The defendants were all adults. The decree entered in that case was brought into this court for review, and a decision was had reversing the decree. In that case the Circuit Court ordered a partition of a portion of the premises, and refused a partition of the mine, and leased the same to the adult heirs, upon valuable security given by them for the payment of the rent, to protect the minors from all damages. The cause was appealed before the commissioners appointed to make partition had acted, and the cause was still retained upon the docket. A cross-bill was filed in that case by the adult heirs, calling the widow, Irene C. Ames, to account for

profits out of said real estate, and praying for relief, in which cross-bill Irene C. Ames and the minors, Emily Faithful Ames and Miner T. Ames, were made the defendants. No guardian *ad litem* had been appointed for the minors in the cross-bill, prior to the appointment of Mr. Holdom, hereinafter mentioned. The interest of Irene C. Ames, the widow, who had brought the suit as next friend for the minors, was antagonistic to the interests of the minors, and the court, on its own motion, on February 2, 1892, entered the following order:

"This cause coming on to be further heard, and the same having been argued by counsel, and the court being fully advised in the premises, it is ordered, adjudged and decreed, that this cause be and the same is hereby referred to I. K. Boyesen, Esq., one of the masters in chancery of this court, to take the proofs of the respective parties as to whether it is for the benefit and interest of said infant complainants, Emily Faithful Ames and Miner T. Ames, that the property described in the said original bill of complaint should be partitioned, as prayed in said bill, and cause to come before him all such witnesses as the respective parties may desire, and examine them severally on oath, and reduce their testimony to writing, and report the same, together with his conclusions, to the court. And it is further ordered, that Jesse Holdom, Esq., be, and he is hereby appointed by the court, solicitor for the said infant complainants, to represent them in the taking of said testimony before the said master, and his fees as such solicitor to be approved by the court and taxed as costs in said cause."

On the 2d day of February, 1892, the cause was referred to a master, to take proof and report.

Mr. Holdom appeared before the master, and aided and assisted in the taking of testimony and in the argument of the cause before the master, and after the master made his report, appeared before the court and represented the in-

terests of the said minors to the court upon the report made by the master.

On the 15th day of March, 1892, the master filed his report, together with the testimony taken in the cause. Exceptions were filed to the report of the master, and in June, 1892, Irene C. Ames withdrew as next friend for the minors in the original bill, and the court appointed as next friend for the minors in the original bill John E. Seinwerth, and on motion of complainants in cross-bill he was appointed guardian *ad litem* for the minors, defendants in cross-bill. A final decree was entered, and after the final decree had been brought to this court for review, and before any attempt was made to partition the property by the commissioners appointed, and pending said writ of error in this court, Mr. Holdom made application to the court for the allowance and taxation of his services rendered in the matter under the appointment of the court. The application was referred to the master, and after taking testimony (the guardian *ad litem*, Mr. Seinwerth representing the minors), the master reported that Mr. Holdom was entitled to $1,000 for his services.

Exceptions were filed and overruled. The court entered the following order on December 4, 1893. "And now this day comes Jesse Holdom, petitioner herein, by Walter W. Ross, his solicitor, and moves the court to confirm the master's report herein in the matter of the application of said Jesse Holdom for solicitor's fees, and to overrule exceptions taken thereto, and after hearing argument of counsel, and the court being fully advised, doth hereby overrule the exceptions to said report, and hereby ratifies and confirms said report; and said petitioner also now moves the court to tax as costs his said solicitor's fees at the said sum of one thousand dollars, the value thereof as found by said master, and order the same to be paid out of the estate of said minors, and after hearing argument of counsel, and being fully advised, the court now orders said

solicitor's fees to be taxed as costs against said minors at the sum of one thousand dollars, and orders the same to be paid out of the estate of said minors, or by the receiver, out of funds, if any, in his hands belonging to said minors."

This writ of error is sued out to reverse the order taxing fees for Holdom

Mr. GEO. W. SMITH, for the plaintiffs in error:

The court has no power to direct solicitor's fees to be included in the costs to be taxed. The suit was not amicable. *Constant* v. *Matteson*, 22 Ill. 546; *Eimer* v. *Eimer*, 47 id. 373; *Kilgour* v. *Crawford*, 51 id. 249; *Conwell* v. *Mc-Cowan*, 53 id. 363; *Lilly* v. *Shaw*, 59 id. 72; *Stenger* v. *Edwards*, 70 Ill. 633; *Byers* v. *National Bank*, 85 id. 423; *Cowdrey* v. *Hitchcock*, 103 id. 262; *Stunz* v. *Stunz*, 131 id. 210.

In its opinion filed January 16, 1894, this court held, that the Probate Court had acquired and retained jurisdiction and control over the minors' property in this case. *Ames* v. *Ames*, 148 Ill. 321.

The Circuit Court did not, therefore, have such control over the infants' estate as to enable it to make the order now sought to be reversed. Had Mr. Holdom been lawfully appointed, and had his services been of benefit to these infants, his remedy would have been to present his claim to the Probate Court for allowance and payment by the probate guardian. *Smith* v. *Smith*, 69 Ill. 308.

Messrs. PENCE & CARPENTER, for defendant in error, Jesse Holdom:

As to the power of a court of equity over estates of infants, see *Hill* v. *Reno*, 112 Ill. 154; *Hartman* v. *Hartman*, 59 id. 103; *Cowls* v. *Cowls*, 3 Gilm. 435; *Grattan* v. *Grattan*, 18 Ill. 167; *King* v. *King*, 15 id. 187; *Holmes* v. *Field*, 12 id. 424; *I. C. R. R. Co.* v. *Latimer*, 128 id.

168; *Patterson* v. *Pullman,* 104 id. 80; *Roodhouse* v. *Roodhouse,* 132 id. 360.

As to the power of the court to direct solicitor's fees to be taxed. Chancery Act, Sec. 6.

Mr. JUSTICE PHILLIPS, delivered the opinion of the Court:

Where the interests of the minors, and those of one assuming to act as next friend are hostile to each other, it is the duty of the court to appoint a guardian *ad litem,* and the minor should be represented by counsel distinct from those representing the hostile interests. The interests of Irene C. Ames as widow were hostile to the interests of the minor children of her deceased husband. *Roodhouse* v. *Roodhouse,* 132 Ill. 360. It is important, that none but suitable persons should be permitted to institute or defend suits on behalf of infants. *Patterson* v. *Pullman et al.,* 104 Ill. 80.

Courts of equity have plenary jurisdiction over the persons and estates of infants, and will in the exercise of that jurisdiction, cause to be done whatever may be necessary to preserve their estates and protect their interest. *Cowls* v. *Cowls,* 3 Gilm. 435; *Grattan* v. *Grattan et al.,* 18 Ill. 167. It is the business of a court of chancery to see that no one stands between the infant and a just protection of her rights, and for this purpose the court may appoint a person to prosecute or defend for the infant. *Holmes* v. *Field,* 12 Ill. 424.

Section 5, of the act relating to practice in courts of chancery, provides, that suits in chancery may be commenced and prosecuted by infants by next friend or guardian; and section 6 provides, it shall be lawful in any cause in equity for the court to appoint a guardian *ad litem* for any infant defendant, and compel such person to act, and he shall be allowed a reasonable sum for his charges as such guardian, to be fixed by the court and taxed as costs. Section 18, chapter on Guardians and Wards, contains the

proviso to the effect, "that any suit may be commenced and prosecuted by any minor by his next friend, without any previous authority or appointment by the court, on such next friend entering into bond for costs and filing the same in the court in which such suit is instituted." And the preceding portion of the section directs, that "nothing contained in this act shall impair or affect the power of any court to appoint or allow any person as next friend for a minor to commence, prosecute, or defend any suit in his behalf."

In *I. C. R. R. Co.* v. *Latimer*, 128 Ill. 163, referring to section 18, it was held: "The power is here conferred to appoint a next friend to prosecute the suit as well as to commence it. The prosecution is designated as being distinct from the commencement of the suit. It follows, that a next friend might be appointed to prosecute after the suit was commenced. This must be kept in mind in determining the meaning of the language used in the proviso." In *Stunz et al.* v. *Stunz*, 131 Ill. 210, it was held: "It is the duty of the guardian *ad litem,* when appointed, to examine into the case and determine what the rights of his wards are, and what defense their interest demands, and to make such defense as the exercise of care and prudence will dictate." The bill filed by Irene C. Ames as next friend of the infant defendants, and in her own behalf, rendered her interests hostile to the infants', "since what was given to one was taken from the other." *Roodhouse* v. *Roodhouse et al., supra.* At the time of Holdom's assignment to protect the interests of the minors that adverse interest existed, and not until the coming in of the master's report did the self-appointed next friend withdraw as next friend, and after Holdom had rendered service as solicitor. The court had a right to appoint a person to prosecute or defend, and the appointment of counsel to represent and protect the interests of the minors was within the power, and was the exercise of a duty on the part of the

court. The fact that other counsel represented the minors would not change the rule as to the power of the court, for if they were employed by the next friend, whose interest was adverse to theirs, the court would still be authorized to appoint a person to prosecute in their behalf. The position taken by counsel, that the court had no power to tax solicitor's fees, as the suit was not amicable, does not apply. The power of the court to tax costs is not derived from the provisions of section 40, of the chapter entitled "Partition," but from section 6 of the Chancery act. Neither does the fact, that the case in which the legal service was rendered was pending in this court on appeal, affect the validity of this order; the court had power to make the order, which was merely collateral to the question before this court on appeal. No objection is made as to the amount found by the master, and the decree of the Circuit Court will be affirmed.

*Decree affirmed.*