JACOB PHILLIPS *et al.*

*v.*

ADAM PHILLIPS *et al.*

*Opinion filed June 21, 1900.*

1. MINORS—*court should see that interests of minors are properly represented.* It is the duty of the court to protect the rights of minor defendants, not only by a proper guardian or guardian *ad litem* not having an adverse interest, but also by counsel distinct from those representing adverse and hostile interests.

2. SAME—*when it is error to proceed without guardian ad litem.* It is error to proceed without a guardian *ad litem* and distinct counsel for minor defendants, where the guardian and his solicitor, who act also for the minors, succeed in establishing not only the guardian's hostile claim for dower but also his claim for advances, for which he is allowed a lien, as well as a personal judgment against his wards with an order for execution against them.

3. ATTORNEYS AT LAW—*attorney should not administer oaths to his clients.* It is not proper practice for an attorney to administer oaths to his client in a suit in which he is employed, but such verification is not a nullity, and the objection to it may be waived if the opposite party does not take advantage thereof.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

HAMLINE, SCOTT & LORD, for plaintiffs in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Elizabeth Kloepfer, one of the defendants in error, filed her bill in the superior court of Cook county against plaintiffs in error and Adam Phillips, another defendant in error, alleging that plaintiffs in error were infants and tenants in common with her of certain real estate in the village of Winnetka, in Cook county, subject to the dower rights of said Adam Phillips. The bill prayed for the assignment of dower to Adam Phillips and partition of the premises. Plaintiffs in error, the infant defendants to the bill, answered the same by their guardian, the other

defendant, Adam Phillips. The guardian also answered in his own right, admitting the allegations of the bill, and, besides claiming dower in the premises, set up a claim for sums paid for special assessments to the amount of $1500 as a lien against the premises. The answer filed by the guardian for the infants and the one filed in his own right setting up his claims were signed by the same solicitor. The issue made by the bill and answers was referred to a master in chancery, who proceeded to take the evidence, with the same solicitor appearing for Adam Phillips and the infant defendants. The master reported, finding the allegations of the bill to be true and that Adam Phillips was entitled to dower and a lien on the premises for $1021.11. The report was approved and a decree was entered establishing the lien of Adam Phillips and for dower and partition, and commissioners were appointed to assign such dower and make partition. The commissioners reported that a division could not be made, and appraised the premises at the total value of $32,500. This report was approved and a decree for sale entered. Afterward, the decree and all orders were vacated and complainant was given leave to file an amended bill. The amended bill was substantially as before, but Peter Kloepfer, the husband of Elizabeth Kloepfer, was joined with her as a complainant. Adam Phillips answered the amended bill, claiming dower as before and a lien for advances to the amount of $1500. The infants also answered by Adam Phillips, their guardian, and both answers were signed, as before, by the same solicitor. After another reference to the master the court entered another decree finding the rights of the parties as before, and that Adam Phillips was entitled to dower and establishing his claim against the premises at $1068.46. Commissioners again reported that dower could not be assigned or the premises divided, and appraised the total value of the premises at $27,775. The court approved the report and ordered the premises sold. At the sale one of the solic-

itors for complainant bought the premises but paid nothing, alleging that he bid them off in the interest of the parties with the view of finding a purchaser at private sale. The court vacated the sale. Afterward, the complainant, Elizabeth Kloepfer, filed her petition to set aside the last report of the commissioners and decree for sale, and the court set them aside and discharged the commissioners. New commissioners were appointed, who filed a report showing an assignment of dower and partition of the premises. The report was approved and the property partitioned according to a survey and plat. The master was then directed to take proof and report the reasonable amount of solicitor's fees and the costs and expenses, and to apportion the same. The master reported, allowing complainant's solicitor $1000 and allowing costs taxed by the clerk at $467.75, which sums were apportioned among the parties. This report was approved and a decree was entered allowing said solicitor's fees and costs and apportioning the same. By the partition some of the minors were given lots with a frontage of $18\frac{1}{2}$ feet on the Green Bay road and running back about 600 feet.

In all the proceedings in the court and before the master the same solicitor represented the interests of the infant defendants and the adverse claims of their guardian, Adam Phillips. It is the duty of a court to protect the rights of infant defendants and to see that their interests are represented, not only by a proper guardian or guardian *ad litem* not having an adverse interest, but also by counsel distinct from those representing hostile interests. In this case the infant defendants were not represented in the superior court or before the master. The interest of their father and guardian, Adam Phillips, was hostile and adverse to their interests, and they were represented only by him and by the same solicitor who acted for him in his individual right. He claimed a dower interest in their lands and established a claim for $1068.46,

for which he was not only allowed a lien but obtained a personal judgment against his wards and an order for execution against them. The guardian could not represent the minors in a matter where he had an adverse interest, and his solicitor could not serve opposite and conflicting interests with fidelity to each. It was error for the court to proceed without the appointment of a guardian *ad litem. Ames* v. *Ames,* 151 Ill. 280; *Roodhouse* v. *Roodhouse,* 132 id. 360.

It is apparent that injustice was done to the infants in the partition finally made. After two reports that the premises were not susceptible of division, new commissioners were appointed for the purpose of making partition, on the representation of complainant that it could be done. In the partition finally made, lots $18\frac{1}{2}$ feet wide, running back about 600 feet from the street, were set off to the minors, and it is common knowledge there is no possible use or sale for a village lot of such dimensions.

It is also assigned as error that the original and amended bill, the petition of complainant and the report of the commissioners making partition were sworn to before complainant's solicitor, and that the same solicitor was at one stage of the proceedings appointed a commissioner to make partition, and acted as such. So far as we can discover, the commissioner had not acted as solicitor at the time he was appointed commissioner, and the report in which he joined was afterward set aside. The question whether he was eligible is not now material.

The various bills and a petition and the last report of commissioners were sworn to before the solicitor for complainant. By statute in Kansas and Michigan an attorney is made incompetent to act as an officer and administer oaths in a suit in which he is employed, and that practice is against the rules in England and New York, and is generally discountenanced. (*Linck* v. *City of Litchfield,* 141 Ill. 469; 2 Shinn's Pl. & Pr. sec. 1262.) We have held, however, that the verification in such a case is

not to be treated as a nullity, and the objection may be waived if the opposite party does not take advantage of it. Infants are generally presumed to avail themselves of all objections, and are not usually held bound merely by waiver. The case must be reversed on other grounds, and we content ourselves with saying that the action of the solicitor in administering the oaths to his client was improper.

All orders and decrees entered in the case are reversed and the cause is remanded to the superior court of Cook county, with directions to appoint a guardian *ad litem* for the infant defendants and to take such proceedings thereafter as may be proper.    *Reversed and remanded.*