### James F. Thomas v. James M. Hamill.

1. SOLICITOR'S FEES—*Co-tenant Hiring His Law Partner to Conduct Partition Proceedings.*—An attorney at law, who owns an interest in land, with other parties, and desires to have it partitioned, may employ competent attorneys to commence and conduct proceedings to secure a partition of it, even if the attorneys are copartners with him in the practice of law, so long as he does not share in the fees received by them, either directly or indirectly.

2. SAME—*What Must be Set Forth in the Bill under Sec. 40 of the Law Concerning " Partition."*—It is absolutely necessary, under Sec. 40 of the law concerning " partition," that the complainant or complainants in the bill or petition shall accurately set forth the interest of each complainant and defendant in the " real estate" sought to be partitioned, as a condition precedent to the payment of complainant's attorney's fees by all of the co-tenants of the property.

3. RENTS—*Not Real Estate.*—Rents are not " real estate," but when they have accrued they are personal property.

4. SAME—*Where One Co-tenant Receives More than His' Share in Partition.*—In a partition of real estate, if one co-tenant has received

Thomas v. Hamill.

more than his share of the rents that have accrued, he may in the same proceeding be required to account for them, if the bill is so framed as to allow it to be done, but the complainant in the bill is not bound to claim an accounting, and if he does claim it, he may dismiss his bill as to the matter of rents without prejudicing his right to attorney's fees for conducting an amicable suit or proceeding for partitioning the real estate out of which the rents grow.

**Bill for Partition.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFFER, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

EDWARD L. THOMAS, attorney for appellant.

F. J. TECKLENBURG and H. M. NEEDLES, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an appeal from an order and decree of the Circuit Court of St. Clair County, allowing appellee a solicitor's fee of $600 in a certain partition case brought by appellee against appellant and others, to partition certain valuable lands in St. Clair County.

The land was not partitioned in fact, but was sold by the master in chancery for $31,000, under a decree of sale entered by the court.

No question is raised as to the value of the services, and the only question before us to be determined, is whether appellee is entitled to have, out of the fund in the hands of the master, a reasonable sum to compensate his solicitors for conducting and carrying on the proceedings in the case to a final termination of it, which resulted in turning the land into money to be distributed among the co-tenants of the land as their several interests have been found by the chancellor, in the decree rendered by him.

Starting with the assumption that the decree finding that appellee is entitled to be paid out of the gross fund the sum of $600 for the legal services he has caused to be rendered for the benefit of all the co-tenants, as was found

by the court, it is incumbent on the appellant to show that the chancellor erred in rendering the decree he did.

Appellee is an attorney at law and he employed two solicitors to file the bill and conduct the case, one of whom was his copartner, and it is insisted by appellant that because of this relation he is not entitled to any solicitors' fees to be paid from the general fund, and cites in support of his contention, Cheney v. Ricks, 168 Ill. 533. In that case one of the co-tenants was an attorney at law, and as such prosecuted the case, and was held to be entitled to no attorney's fees for his services. We discover no reason for holding that case to be authority that should govern this case.

If it appeared from the evidence that appellee was to share with his copartner in his share of the fees, then the condition of the matter would be different; but as we understand the evidence, no such agreement or understanding was proved, and it seems to us that appellant misconstrues the evidence he relies upon to support his contention.

We know of no legal reason why an attorney at law, who owns an interest in land, with other parties, and desires to have it partitioned, may not employ competent attorneys to commence and conduct proceedings to secure a partition of it, even if the attorneys are copartners with him in the practice of law, so long as he does not share in the fees received by them, either directly or indirectly.

Reputable attorneys are not numerous who care to conduct legal proceedings in cases where they are personally interested, and when they become clients they are entitled to the same rights before the law that other clients who are not attorneys are entitled to.

The bill as filed, prayed for an accounting by appellant for rents received by him, but did not allege or charge he had received any rents. Appellant demurred to this part of the prayer of the bill, but no ruling of the court was made on the demurrer, and appellee waived of record that part of the bill, and appellant withdrew his demurrer, and

for himself and as solicitor for all of the other defendants, answered the bill in the following manner, viz.:

"And now come the defendants in the above entitled cause, by their solicitor, Edward L. Thomas, and for answer to said bill of complaint say: 1. That the interests of said parties as set out in said bill are correct. 2. That they join in with the prayer of said complainant for the partition of said premises as set out in said bill of complaint."

Appellant's further contention is, that because he filed a demurrer to appellee's bill, therefore, so far as he is concerned, appellee's solicitors should not be paid out of the common fund for their services in the case, and cites in support of his view of the matter, Metheny et al. v. Bohn, 164 Ill. 495, and Dunn et al. v. Berkshire et al., 175 Ill. 243. In the Metheny case, *supra*, the bill was filed by Bohn, who claimed title to an undivided half of the land sought to be partitioned, as a son and heir-at-law of Samuel Bohn, deceased, subject to the dower of the widow of the deceased, and that the title to the other undivided half of the land had descended to Leonetta. C. Metheny, a daughter of deceased, subject to the dower of the widow of deceased, and on this theory the bill was framed; but Leonetta C. Metheny did not admit that the rights of the parties in and to the land were correctly set forth in the bill, and she answered the bill setting up title in herself to the entire land, as the sole heir-at-law of her deceased father. After extended litigation, the courts found that the rights of the parties to the land were correctly set forth in the bill. The commissioners appointed by the court to partition the land, found it was not susceptible of being partitioned, and accordingly they appraised it, and the land was sold by the master in chancery, as in this case, and thereupon the complainant asked for his attorney's fees to be paid out of the gross fund received for the land, after the value of the widow's dower, which by her consent was sold by the master, was taken therefrom, and payment was so ordered by the court below, which order was by the Supreme Court reversed, because, among other

reasons, the proceedings were not "amicable," between the parties to the bill, and that, as we understand appellant, is the ground of his defense in this case. The facts in the Metheny case differ widely from the facts in this case, and the law of that case should not be made to govern this case. It seems to us that the defense set up, if it ever had any merit, comes too late to be favored.

It was not necessary for appellee to set up in his bill any claim against appellant for rents received by him, even if he had received any, of which there is no direct allegation in the bill, and whatever allegations about rents there were, they were immediately abandoned by appellee, and that part of the bill was practically dismissed by appellee, as was found by the court in the principal decree. Appellant insists, as we understand him, that the supposed claim for rent was dismissed through some kind of agreement; but if that is so, it does not change the condition of the parties, unless they were thereby brought into a more amicable relation toward each other than theretofore may have existed concerning the prosecution of the main case as begun by appellee, for, certainly, at the time appellant filed his answer to the bill, which seems to have been after the claim for rent was abandoned or settled, he for himself and his clients heartily joined with appellee in having the course that appellee had marked out to get a speedy partition of the land fully carried to a termination. We hear of no complaint from appellant until the matter of paying appellee's solicitors for their services was raised. Appellant is an able lawyer, and he knew that lawyers generally expect to be paid reasonable sums for their services in partition cases, and he knew that appellee was not giving his time and services to conducting the case, but had employed other attorneys to perform the necessary labor required in that behalf; hence it seems that if appellant, at the time he filed his answer in the case, which was not only an approval of what appellee had already caused to be done, but was also a very decided request by appellant to continue what had been begun until the case was ended, did not expect to

Thomas v. Hamill.

pay his just share of the cost of legal services performed for the benefit of the entire co-tenants, he would have made it manifest to appellee in unmistakable terms; but he did nothing of the kind, and under such circumstances he has at best but a flimsy reason to offer for not paying for services which were necessary, and which were performed for his benefit, and substantially at his request.

Section 40 of the law concerning "Partition," under which appellee claims to be entitled to recover attorney's fees, is as follows:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fees, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants or some one of them shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant according to equity."

It is absolutely necessary, under this section of the law, that the complainant or complainants in the bill or petition shall accurately set forth the interest of each complainant and defendant in the "real estate" sought to be partitioned, as a condition precedent to the payment of complainant's attorney's fees by all of the co-tenants of the property.

Rents are not "real estate," but when they have accrued they are personal property. It is true that in a proceeding in equity for a partition of real estate, if one co-tenant has received more than his share of the rents that have accrued, he may in the same proceeding be required to account for them, if the bill is so framed as to allow it to be done; but the complainant in the bill, as we have already said, is not bound to claim an accounting, and if he does claim it he may dismiss his bill as to the matter of rents without prejudicing his rights to attorney's fees for conducting an amicable suit or proceeding for partitioning the real estate out of which the rents grew.

We see nothing in the case of Dunn et al. v. Berkshire et al., *supra*, that is not contained in the Metheny case, and we think neither of the two cases, nor both together, should rule this case, and the decree of the Circuit Court is affirmed.