Joseph P. Junk, Trustee, for use of Frank P. Mies, Administrator, Appellee, v. Frederick Zieske, Guardian, Appellant.

### Gen. No. 17,968.

1. MORTGAGES—*solicitors' fees.* In an action to foreclose a trust deed it is proper to allow complainant the amount provided in the trust deed for solicitors' fees where it is reasonable.

2. MORTGAGES—*solicitors' fees.* In foreclosure it is not error to allow complainant solicitors' fees where his solicitor was a partner of complainant's usee, there being no proof that the latter was to share in the fee.

3. MORTGAGES—*solicitors' fees.* In foreclosure it is not error to allow complainant solicitors' fees as provided by the trust deed although the minor heirs of one of the grantors are parties defendant.

4. COSTS—*for guardian ad litem.* Under R. S. ch. 22, § 6, the court has the right to tax costs for guardian *ad litem.*

5. PLEADING—*waiver of replication where there are infant defendants.* In a foreclosure proceeding the fact that the defendants are infants does not prevent the waiver of a replication to the answer.

6. COSTS—*where there are minor defendants.* In foreclosure the complainant is entitled to the usual costs though there are minor defendants.

7. MORTGAGES—*foreclosure decree.* In foreclosure the decree is not indefinite in finding a certain sum due "with lawful interest thereon" from a specific date until paid.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM F. COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913.

ALBERT WESLEY GOTTSCHALK, for appellant.

N. A. BECK, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The appeal is from a decree of foreclosure of a trust deed which included an allowance of $100 to complain-

ant for solicitor's fees, as provided for in the trust deed. Being reasonable it was properly allowed. Abbott v. Stone, 172 Ill. 634. And there was no error in allowing it because complainant's solicitor was a partner of complainant's usee, there being no proof that the latter was to share in the fee (Thomas v. Hamill, 106 Ill. App. 524), nor because minor heirs to one of the grantors of the trust deed were parties defendant. They were bound by its legal provisions. The court also had the right to tax as costs $25 for the guardian *ad litem.* Hurd's R. S. ch. 22, sec. 6.

There is no point in the other contentions that there could be no waiver of a replication to the answer of the infant defendants, and that because there are minor defendants the complainant is not entitled to the usual costs of such a proceeding, and that the decree is indefinite in finding a certain sum due "with lawful interest thereon" from a specific date until paid.

The decree will be affirmed.

*Affirmed.*