CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff-Appellee, *v.* EUGENIA CZUBAK *et al.*, Defendants and Counterplaintiffs-Appellees.— (EDWARD PALUCH, Defendant and Counterdefendant-Appellant; FIRST NATIONAL BANK OF CHICAGO, Garnishee.)

First District (4th Division)   No. 76-998

Opinion filed September 1, 1977.

Edward J. Paluch, of Chicago, for appellant.

Sudak, Grubman, Rosenthal & Feldman, of Chicago (Alan E. Sohn, of counsel), for appellees Eugenia Czubak *et al.*

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Garnishment proceedings were commenced by Eugenia Czubak, counterplaintiff, on May 4, 1976, seeking payment of a judgment entered against Edward J. Paluch, counterdefendant, on June 6, 1975. The First National Bank of Chicago was served with garnishment summons. The

counterdefendant filed a motion to dismiss the garnishment proceedings, which motion was denied. Also, counterdefendant's petition for change of venue was denied. Subsequently, a judgment order was entered against garnishee-defendant, the First National Bank of Chicago, in the amount of $1,499.25, which was the balance due on a savings account held by Paluch in said bank. Counterdefendant appeals from the order denying his motion to dismiss the garnishment proceedings and denying his petition for change of venue, and further appeals the judgment order entered against the garnishee-defendant.

In the original action, the Chicago Title and Trust Company filed a complaint for instruction asking the court to determine which of certain defendants was vested with the beneficial interest and power of direction in a certain land trust. The pleadings revealed that Helen Stasiak had provided funds for the purchase of the real estate to be held in the trust, that the grantees of the real estate were Eugenia and Richard Czubak, and that the trust agreement vested the beneficial interest and the power of direction in Eugenia Czubak. It was further revealed that a few months later, after receiving several telephone calls from Paluch, Eugenia tendered a direction to convey to Paluch who presented it to the title company, and it refused to act on the document.

A counterclaim was filed against Edward Paluch and Byron Czubak, a minor and devisee to the property held in trust by virtue of Helen Stasiak's will, which alleged that the counterdefendants had engaged in a conspiracy to obtain control of the assets of Helen Stasiak by intimidating and harassing Eugenia Czubak, which conduct culminated in the execution of a direction to convey the subject real estate to Paluch and Czubak. On June 6, 1975, following a bench trial, a decree was entered by Judge O'Brien of the Circuit Court of Cook County, Chancery Division, against Edward J. Paluch and Byron Czubak, counterdefendants, and in favor of counterplaintiffs, Eugenia and Richard Czubak. The decree provided in pertinent part that (1) the beneficial interest and power of direction under the trust agreement was vested in Eugenia Czubak, (2) the direction to convey signed by Eugenia purportedly directing the title company to convey the real estate held in trust to Paluch was declared null and void, (3) Paluch and Byron Czubak were enjoined from harassing and intimidating Eugenia and Richard Czubak with respect to the real estate held in trust, (4) a judgment for $1 plus court costs was assessed against the counterdefendants, and (5) the court retained jurisdiction of the cause for the enforcement and carrying into effect of the said decree and specifically retained jurisdiction to hear and determine any and all motions with respect to costs. Paluch appealed the decision. In the interim, on November 26, 1975, pursuant to a motion for a citation hearing, Judge O'Brien ruled that the court costs assessed against

the counterdefendants on June 6, 1975, included the guardian ad litem fees in the amount of $4,705.50, pursuant to section 6 of "An Act to regulate the practice of courts in granting equitable relief" (Ill. Rev. Stat. 1975, ch. 22, par. 6).

In May 1976, the garnishment proceedings herein were commenced. The counterdefendant filed a motion to dismiss the garnishment proceedings in which he alleged (1) that no judgment in the sum of $4,870.67 was entered on June 6, 1975, as sworn to in the garnishment affidavit, (2) that the affidavit was false and untrue, and (3) that he had complied with all the terms of the decree entered on June 6, 1975, and no part remained unsatisfied. The motion was denied and, thereafter, a judgment order was entered against the First National Bank of Chicago.

In September 1976, this division affirmed the trial court's decision and remanded the cause for a determination of court costs. *Chicago Title & Trust Co. v. Czubak* (1976), 42 Ill. App. 3d 349, 356 N.E.2d 118.

The issues presented for review are (1) when the garnishment judgment was entered, whether an unsatisfied judgment in the sum of $1 plus $4,870.67 in court costs existed as of June 6, 1975, as attested to in the garnishment affidavit, and (2) whether the court erred in refusing to grant counterdefendant's petition for change of venue.

The counterdefendant argues that there was no valid and existing judgment when the garnishment proceedings were commenced and, therefore, the garnishment is without foundation. The counterplaintiffs contend that an unsatisfied judgment has remained against Paluch in the sum of $1 plus $4,870.67 in court costs since June 6, 1975, and, as such, the garnishment proceedings were proper.

■■ In determining whether a judgment existed in May 1976, we note that the court in the June 6, 1975, decree specifically retained jurisdiction to hear and determine any and all motions with respect to costs. Therefore, on November 26, 1975, Judge O'Brien had the power to clarify the question whether guardian ad litem fees were included in the court costs.

Next, we must determine whether the court correctly taxed the guardian ad litem fees in the bill of costs. Section 6 of "An Act to regulate the practice of courts in granting equitable relief" (Ill. Rev. Stat. 1975, ch. 22, par. 6) provides that the guardian ad litem shall be

> "* * * allowed a reasonable sum for his charges as such guardian, or trustee, to be fixed by the court, and taxed in the bill of costs."

According to this section, the court has the power to tax as costs guardian ad litem fees (see *Junk v. Zieske* (1913), 177 Ill. App. 103, 104) and, therefore, we hold that the court did not err when it ordered the guardian ad litem fees to be included as part of the court costs assessed against the counterdefendant as of June 6, 1975.

We must also determine whether the court properly assessed these costs against counterdefendant Paluch. The Supreme Court of Illinois in *Baker v. Baker* (1903), 202 Ill. 595, 67 N.E. 410, affirmed a decree taxing the guardian ad litem's fees against the losing contestant. In *Allis-Chalmers Manufacturing Co. v. Hays* (1930), 339 Ill. 230, 171 N.E. 178, the court found that in view of the fact that the decree was being reversed, the fee of the guardian ad litem was taxed against the appellees, the losing parties.

■■■ Guardian ad litem fees have not always been assessed against the losing party. In a will contest, sometimes the fee is divided equally between the losing party and the decedent's estate (*Jackman v. North* (1947), 398 Ill. 90, 75 N.E.2d 324), or sometimes the fee is taxed entirely against the decedent's estate. (*McKay v. Costigan* (7th Cir. 1950), 179 F.2d 125.) In *Ames v. Ames* (1894), 151 Ill. 280, 37 N.E. 890, a suit for partition, the guardian ad litem fee was taxed entirely against the minor's estate. Even though the generally accepted rule is that costs are assessed against the losing party, it is apparent after reviewing these cases that the matter of determining who must pay the guardian ad litem fees rests within the discretion of the trial court. After reviewing the facts herein, we find no irregularity in the assessment of the guardian ad litem fees against Mr. Paluch, nor do we find that the trial court abused its discretion in determining this matter. Therefore, we find that a valid judgment existed prior to the commencement of the garnishment proceedings, and, as such, the trial court properly proceeded in garnishing the indebtedness due Paluch by the First National Bank of Chicago.

■■ Finally, with respect to the petition for change of venue, the petition was filed much too late and, therefore, was properly denied by the court. Ill. Rev. Stat. 1975, ch. 146, par. 3.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.