ROBERT J. MILLER, Plaintiff-Appellant, *v.* PATTY ANN MILLER *et al.*, Defendants-Appellees.

Fourth District    No. 16029

Opinion filed September 26, 1980.—Rehearing denied October 28, 1980.

Mitchem, Tepper & Gwinn, of Urbana (John Gwinn, of counsel), for appellant.

Greaves, Lerner & Gadau, of Champaign, for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents yet another facet of the marital difficulties of the parties. We were recently called upon (*In re Marriage of Miller* (1980), 88 Ill. App. 3d 370) to intervene in a contempt proceeding, and we now are required to turn our attention to the partition of the marital real estate.

An order dissolving the marriage of the parties was entered in the circuit court of Douglas County and in a subsequent proceeding which disposed of the marital property, that court found that five tracts of real estate, principally farm lands situated in Douglas and Champaign counties, were marital property and ordered that the title be vested in the parties in equal shares.

Thereafter, the plaintiff-husband filed a complaint for partition in the circuit court of Champaign County, seeking partition of all five tracts of real estate. The defendant-wife appeared and by appropriate pleadings

admitted to the partition of four of the tracts but maintained that certain orders of the circuit court of Douglas County entered in the dissolution proceeding barred partition of the fifth tract, designated in the complaint and in subsequent orders as Tract I. The circuit court of Champaign County sustained her position and ordered partition of all tracts except Tract I, which the court specifically found not susceptible of partition by reason of the orders of the circuit court of Douglas County. Plaintiff has appealed this portion of that order.

The supplemental judgment order of the circuit court of Douglas County disposing of the parties' property appears in the record before us and was entered March 13, 1979. It makes no mention of Tract I except to find that it is marital property and order that each party have a one-half interest in it. The supplemental judgment order also shows that plaintiff did not appear at the hearing at which the property rights were adjudicated.

The only order of the circuit court of Douglas County which concerns the use of the marital home and which appears in this record is an interlocutory one dated December 27, 1978. The December order arose out of a rule to show cause and provided in pertinent part, "IT IS FURTHER ORDERED that the petitioner (defendant here) should be granted the immediate sole exclusive use of the marital home at Villa Grove, Illinois, * * *." In taking notice of our own records, we find in *In re Marriage of Miller* (1980), 88 Ill. App. 3d 370, another order subsequent to the supplemental judgment order of March 1979. This order is dated June 19, 1979, and is one for a mandatory injunction. It finds that the petitioner (defendant here) had previously been given the sole and exclusive use of the marital home in Villa Grove, Illinois, and then orders a writ of injunction to issue commanding the respondent (plaintiff here) to vacate the premises. Therefore, we must assume that in making the order of partition in the instant case, the trial court was relying on the orders of December 27, 1978, and June 19, 1979. The transcript of the arguments of counsel indicate that no other orders exist touching upon the occupancy of the marital home.

■■■ The parties agree, as do we, that partition is a fundamental right of coparceners. This right exists as between husband and wife, regardless of its effect upon a joint tenancy. (*Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7.) Both in the trial court and in this court defendant relies heavily upon *Schuppe v. Schuppe* (1979), 69 Ill. App. 3d 200, 387 N.E.2d 346. That case was decided under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 501-515), and the trial court awarded possession of the marital home to the wife, with title to remain in joint tenancy until the youngest child graduated from high school, at which time the home was ordered sold and the proceeds divided.

After the order of dissolution was entered, the husband filed a partition suit which was dismissed on motion of the wife, the motion alleging the dissolution order as a bar. The appellate court held that the husband had waived the right to partition by participating in the dissolution proceeding.

*Schuppe* did nothing more than reiterate traditional equity principles. In *Whitaker v. Scherrer* (1924), 313 Ill. 473, 481-82, 145 N.E. 177, the supreme court said:

> "An agreement not to partition need not be expressed but it may be implied. The circumstances may be such that partition would destroy the terms or plan of the agreement, and in that event partition will not be allowed. In *Arnold v. Arnold*, 308 Ill. 365, at page 367, we said: 'It has been said in general terms that an adult tenant in common has an absolute right to partition, (*Hill v. Reno*, 112 Ill. 154; *Ames v. Ames*, 148 *id.* 321;) but it has been in cases where there was neither an equitable nor legal objection to the exercise of the right and partition was in accordance with the principles governing courts of equity. Wherever any interest inconsistent with partition has been involved, the general rule has always been qualified by the statement that equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one from whom he claims, or where partition would be contrary to equitable principles. Partition will not be awarded in a court of equity where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition. Such an agreement may be verbal if it has been acted upon, and it need not be expressed but will be readily implied and enforced if necessary to the protection of the parties. [Citations.]' " 313 Ill. 473, 481-82, 145 N.E. 177.

In *Schuppe*, the plan or agreement is patent: nothing is to disturb the home until the youngest child graduates from high school and then the property will be sold. No such plan or agreement is present in the instant case. Plaintiff's very intransigence over the matter of the marital home belies on its face any element of plan or agreement.

In at least four prior cases partition has been allowed even though the marital home was occupied by minor children. *Davis v. Davis* (1970), 128 Ill. App. 2d 427, 262 N.E.2d 788; *Tucker v. Tucker* (1975), 29 Ill. App. 3d 489, 330 N.E.2d 274; *Renwick v. Renwick* (1977), 52 Ill. App. 3d 701, 367 N.E.2d 1009; *Kealey v. Kealey* (1979), 77 Ill. App. 3d 962, 397 N.E.2d 5.

■■ We believe that the trial court fell into error by reason of thinking of partition in terms of sale, rather than as division in kind. It has long been

the law in this State that a division in kind rather than a sale is favored. In *Kloss v. Wylezalek* (1904), 207 Ill. 328, 69 N.E. 863, the supreme court said: "The law favors partition of land among tenants in common rather than a sale thereof and a division of the proceeds, and it is only when the land itself cannot be partitioned that a sale may be ordered." (207 Ill. 328, 333, 69 N.E. 863.) It is only stating the obvious when we point out that whether division in kind can, or cannot, be made is a question that cannot be determined until after the report of the commissioners is filed.

In the instant case the complaint avers that Tract I consists of seven acres. The orders of the circuit court of Douglas County refer only to the "marital home" and the "exclusive use" thereof. This language is a paradigm of imprecision as to exactly the quantity of realty involved and the quantum of estate conferred, but it should not prevent an attempt by commissioners to make an equitable division of the seven acres. If other improvements are also present on the seven acres, this, too, may be taken into consideration by them in their division.

In *Harris v. Johnson* (1976), 42 Ill. App. 3d 751, 356 N.E.2d 1107, the appellate court said: "While a division of property into small parcels may at times work prejudice to rights of parties (*Phillips v. Phillips* (1900), 185 Ill. 629), such division would not be so prejudicial as to deny partition in kind, if the distributed parcels are usable by the parties." 42 Ill. App. 3d 751, 754, 356 N.E.2d 1107, 1109.

Furthermore, as indicated in *Harris,* the trial court has the use of owelty. In 2 Puterbaugh, Chancery Pleading & Practice §594 (7th ed. 1930), it is said:

"It is competent for a court of equity, on a bill for the partition of real estate, to decree the payment of a sum as owelty, to equalize the shares among the parties, and may provide by the decree that the amount of owelty shall be a lien upon the portion of the party receiving more than his fair share of the premises, but the power to decree owelty is in the court, and unless ordered by the decree, the commissioners can only divide the premises equally between the parties according to their respective interests, and cannot make an unequal division and recommend payment of owelty to equalize it.

Before the payment of money as owelty may be awarded it must appear that the requirement of owelty is equitably necessary, and where the parties do not agree, the amount must be fixed and determined by the court, not the commissioners."

In the instant case the order granting the defendant the exclusive use of the marital home and any order in partition must be accommodated to each other in an equitable fashion and neither can, or should, be used to defeat the other. However, this cannot be ascertained with any degree of reliability until there is a report of commissioners, assigning values to the

land, the home and any other improvements, together with a finding as to whether the home is susceptible of being set off from the principal tract of seven acres. The trial court may then, through a division in kind and the use of owelty as discussed above, reach an equitable division of Tract I. If such a division appears impossible, then Tract I can be sold subject to the defendant's right of possession, which may require some further definition by the trial court in its order of sale.

■■ The trial court erred in holding as a matter of law that Tract I was not susceptible of partition. Its order to that effect is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

MILLS, P. J., and CRAVEN, J., concur.