MARGARET LYNN

v.

GEORGE A. SENTEL et al.

Opinion filed December 18, 1899.

1. DIVORCE—effect of foreign decree upon wife's homestead rights in Illinois. A decree of divorce in favor of a husband granted by a foreign court upon notice by publication only, dissolves the marriage relation but does not divest the wife of her homestead rights in the husband's property in Illinois. (Dunham v. Dunham, 162 Ill. 589, and Knowlton v. Knowlton, 155 id. 158, explained.)

2. SAME—section 14 of Dower act does not apply to foreign decree upon publication. Section 14 of the Dower act, providing for the forfeiture of the wife's marital rights in the husband's property if a divorce is granted for her fault, has no application where the divorce is granted by a foreign court upon notice by publication only, and for a cause not recognized by our statute as a ground for divorce.

3. HOMESTEAD—temporary absence from homestead is not an abandonment. After homestead has been acquired, a temporary absence therefrom, with the intention of returning, is not an abandonment.

4. JUDICIAL SALES—when assignee of certificate of sale is not an innocent purchaser without notice. An assignee of a sheriff's certificate for land sold under an execution issued on a judgment against the husband is not an innocent purchaser without notice, as against the homestead right of the wife, where the latter was in the actual and exclusive possession of the premises, the husband having abandoned her and procured a divorce in another State before the judgment was rendered against him.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

This is a proceeding in chancery by Margaret Lynn, in the Moultrie circuit court, to set aside a sheriff's sale of ten acres of land claimed by her as a homestead, to restrain the sheriff from making a deed to the holder of the certificate of purchase under the sale, and to prevent the holder of the certificate, George A. Sentel, from assigning it.

The bill alleges that Margaret Lynn and Caleb Lynn, her husband, for seventeen years prior to 1889 lived on this ten acres of land as their homestead, the legal title

being in him. In March of that year the husband, after selling his other land and much of his personal property, left home, expressing an intention of going to Shelby county to assist his son at work a few days, but instead of going there went to Missouri, where he remained, abandoning his wife and children, leaving them with nothing except this lot of land. These facts are not disputed. In 1894 it appears the husband obtained a divorce, under the laws of Missouri, and married again. At the April term, 1896, of the Moultrie circuit court two judgments in attachment were obtained against the husband, aggregating $167.90, and a levy of executions issued thereon was made upon the ten acres. On August 1, following, a sale was made thereunder to Isaac Hudson without reference to any claim of homestead, and a certificate of purchase issued to him, who afterwards assigned it to defendant in error Sentel. These judgments and the sheriff's sale are set up in the bill and alleged to have been irregular and void.

After the filing of the bill Caleb Lynn died, and his children were made parties. By leave of court Ann E. Lynn, his second wife, filed an answer alleging her marriage, and filed a cross-bill alleging the fee of the land to be in Caleb Lynn and claiming dower therein. The answer of Sentel denied all claim of homestead or dower of Margaret Lynn, alleging that the divorce obtained in Missouri by Caleb Lynn was for her fault, and that she thereby lost all her interest and estate in the land in question. His answer recognizes the right of the second wife to dower. It denies all fraud or irregularity in obtaining the certificate of purchase. The complainant, Margaret Lynn, in her answer to the cross-bill of Ann E. Lynn (and also by way of replication to the answer of Sentel) alleges the divorce in Missouri was obtained by Caleb Lynn without her knowledge, and through fraud, misrepresentation and imposition upon the court, and was therefore invalid. She denies the fee of the land being

in Caleb Lynn or his heirs, and avers that under the statute she has the right to dispose of and sell the same, as a homestead, to her own use. A temporary injunction was granted against Sentel and the sheriff, as prayed in the bill.

Upon these issues the master found that Margaret Lynn, from the time of the abandonment by her husband to the bringing of this suit, had lived upon the land as her homestead, with the exception of a short time when she lived with her daughter at Dalton City, and during that time she kept a portion of her household goods in the house, has paid all taxes on the homestead, and at all times has been in possession and control of the premises. His conclusion, however, is, that Sentel was an innocent purchaser for value; that the Missouri divorce divested complainant of all rights as wife of Caleb Lynn; that the second wife, Ann E. Lynn, is entitled to dower; that Sentel is entitled to a deed upon his certificate of purchase, subject to dower of Ann E. Lynn. The temporary injunction was dissolved. The decree sustained the findings of the master and dismissed the original bill. Complainant, as plaintiff in error, now brings the cause to this court to reverse that decree.

E. J. MILLER, for plaintiff in error:

A decree of divorce granted the husband in a foreign State acts only upon the marital relation between the parties, and does not affect the property rights of the wife in another State. *Doerr* v. *Forsythe*, 35 N. E. Rep. 1055.

The principle upon which rests the validity of decrees of divorce granted by the tribunals of other States does not require that they should be allowed to operate in the foreign jurisdiction beyond the dissolving of the marriage. *Cox* v. *Cox*, 19 Ohio, 511.

A foreign divorce upon substituted service of process, though with actual notice to the defendant, while it may, and usually does, annul the bonds of matrimony is not a

bar to proceedings by defendant in the courts of his own State to establish property rights. *Doerr* v. *Forsythe*, 35 N. E. Rep. 1055; *Stilphen* v. *Stilphen*, 58 Me. 508; *Wright* v. *Wright*, 24 Mich. 181; *Cook* v. *Cook*, 56 Wis. 195; *Cox* v. *Cox*, 19 Ohio, 502; *Turner* v. *Turner*, 44 Ala. 450; *McCollum* v. *McCollum*, 59 N. W. Rep. 10; *Dunham* v. *Dunham*, 162 Ill. 610; 57 Ill. App. 475.

JOHN V. BURNS, and FRANK SPITLER, for defendants in error:

In order to establish an estate of homestead under the statute of this State three things must concur: First, the person claiming the estate must be a householder; second, he or she must have a family; and third, the premises claimed must be occupied as a residence. *Rock* v. *Haas*, 110 Ill. 528; *Holnback* v. *Wilson*, 159 id. 152.

A voidable judgment or decree can be attacked in a direct proceeding only, and by a party to the judgment or decree, and not collaterally, except for fraud. *Shirk* v. *Gravel Road Co.* 110 Ill. 661; *Martin* v. *Judd*, 60 id. 78.

A decree of divorce rendered by a court of competent jurisdiction of a sister State must be regarded as a valid decree, and is entitled to full credit and effect as such, even though jurisdiction of the person of the defendant was obtained by publication. Such a decree is a bar to property rights in the property of the husband, where it discloses that the grounds were for the fault and misconduct of the wife. *Knowlton* v. *Knowlton*, 155 Ill. 158.

Where such a decree is attacked collaterally on the grounds of alleged fraud in its procurement it will not be disturbed unless the proofs of fraud are clear and satisfactory. *Knowlton* v. *Knowlton*, 155 Ill. 158.

The statutes of this State provide that if any husband or wife is divorced for his or her own fault or misconduct, any estate granted by the laws of this State in the real or personal estate of the other shall be forfeited. Rev. Stat. chap. 41, sec. 14.

R. M. Peadro, for defendant in error George A. Sentel:

When a divorce is had severing the relation of husband and wife, the one for whose fault such divorce is granted loses all marital rights, including dower and homestead. *Rendleman* v. *Rendleman*, 118 Ill. 257.

Every State reserves to itself, by statutory enactment, the requirement necessary to give jurisdiction and authorize its courts to act in any given case, and when such requirements are fulfilled and the court does act, such acts of the courts of our sister States are given full faith and credit. *Knowlton* v. *Knowlton*, 155 Ill. 158; *Dunham* v. *Dunham*, 162 id. 589.

If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage is void from the beginning, he or she shall not thereby lose dower nor the benefit of any such jointure; but if such divorce shall be for his or her own fault or misconduct, such dower or jointure, and any estate granted by the laws of this State in the real or personal estate of the other, shall be forfeited. Rev. Stat. chap. 41, sec. 14.

A foreign decree of divorce on publication is valid, and after such divorce the party remaining in this State is a single person. Black on Judgments, secs. 822, 932; *Pennoyer* v. *Neff*, 95 U. S. 714; *Knowlton* v. *Knowlton*, 155 Ill. 158; *Gould* v. *Crow*, 57 Mo. 200; *Thurston* v. *Thurston*, 59 N. W. Rep. 1017; *Dunham* v. *Dunham*, 162 Ill. 599.

We claim that a foreign decree of divorce settles the marriage status of both parties. That being true, plaintiff in error is not the widow of Caleb Lynn,—she is a single woman. Our statute (Dower act, sec. 14,) then steps in and determines and terminates her rights.

Mr. Justice Wilkin delivered the opinion of the court:

The contention of plaintiff in error is, that her homestead estate has continued to the present and is complete; that the judgments obtained against her husband, the holder of the legal title, were illegal, but if legal did

not affect her homestead; that the divorce of her husband in Missouri, in 1894, was fraudulently obtained, and void, but even if valid could not affect her homestead rights in Illinois. Counsel for defendants in error take the opposite view of each of these contentions.

There is no dispute that Margaret Lynn, upon being abandoned by her husband, under the statute succeeded to the homestead estate as the head of the family, and continued in that right up to the date of the divorce in Missouri, in 1894. The chief inquiry is, what was the effect of the divorce upon her homestead? For the purposes of this decision it is unnecessary for us to consider whether or not there was fraud in obtaining that decree, as we shall base our conclusion upon other grounds.

It appears the divorce was granted upon notice by publication, the wife having no actual notice of the suit and not appearing therein. The authorities are to the effect that every State reserves the right to regulate and control the marriage status of all persons within its jurisdiction, even though, at the time, one of the parties to the marriage may reside in another State. And where a husband abandons his wife and removes to a foreign jurisdiction, and there obtains a divorce upon constructive notice, merely, such decree is not conclusive against the wife so as to bar a homestead or other property right or estate acquired by her before the date of the decree. The decree of divorce, in other words, serves to dissolve the marriage relation, but it cannot affect property rights beyond the jurisdiction of the court. *Doerr* v. *Forsythe*, 35 N. E. Rep. 1055; *Doughty* v. *Doughty*, 28 N. J. Eq. 581; *Thurston* v. *Thurston*, 59 N. W. Rep. 1017; *Cook* v. *Cook*, 56 Wis. 105, and cases cited.

In *Doerr* v. *Forsythe*, *supra*, the husband, Isaac M. Wood, separated from his wife in Ohio and went to Indiana, taking up his residence there, where he afterwards obtained a divorce, the wife being served by publication notice. Upon his death the wife brought her suit for dower in the

lands in Ohio and recovered a decree. The court said:
"The decree of divorce granted the husband in the State
of Indiana acted only on the marital relation between
the parties, and did not affect nor purport to affect the
property rights of the wife in the State of Ohio. For
aught that appears the divorce may have been granted
on some ground not recognized as a ground for divorce
by the laws of this State, so that it cannot be said that
it was granted for any aggression of hers, within the
meaning of section 5700, Rev. Stat. But if it were other-
wise, as she had no opportunity to defend, all that can
be claimed for that decree is, that it dissolved the mar-
riage relation between the parties and restored the hus-
band to the status of an unmarried man. This the court
could do. But as it had no jurisdiction of the person of
the wife, it was not competent to the Indiana court to
affect such rights as she had acquired in the property of
the husband under the laws of this State,"—citing cases.
In *Doughty* v. *Doughty, supra,* it was held: "A decree in a
divorce suit will have no extra-territorial effect when the
defendant is domiciled in another State and is not served
with process nor with notice of the proceedings. A de-
cree for divorce, to be entitled to extra-territorial effect
when the person of the defendant is without the jurisdic-
tion, must be obtained in a manner consistent with nat-
ural justice, and such decree is enforced in another State
only on the ground of comity." The question is a new
one in this State, but the rule announced has the sanc-
tion of current authority.

It is contended by counsel for defendants in error that
this is not the recognized law in Illinois; that we have
held a foreign decree, upon substituted service, sufficient
to divest property rights in such cases in this State; and
they rely, in part, upon *Dunham* v. *Dunham,* 162 Ill. 589,
and *Knowlton* v. *Knowlton,* 155 id. 158. These cases recog-
nize the principle just announced, that the foreign ju-
risdiction can dissolve the marriage relation, it having

jurisdiction over one of the parties, but do not in any way assume to pass upon the effect of such a foreign divorce upon property rights here.

The further contention is made that the Missouri divorce was obtained because of the fault of the wife, and, under section 14 of the Dower act, she has forfeited her homestead and all other rights acquired as the wife of Caleb Lynn. The rule already announced is an answer to this contention also, because of the substituted service. But, even supposing the wife were subject to the jurisdiction of the court in Missouri, the petition there filed asked relief upon a ground not recognized by our statute as a cause for divorce, the charge being, substantially, incompatibility of temper; and it would be unreasonable to say this section of the statute contemplates a fault which is not recognized as such by our own laws. In support of this last contention much reliance is placed by counsel upon the case of *Rendleman* v. *Rendleman*, 118 Ill. 257. That case is not in point here, for the reasons that there the parties to the proceedings for divorce in the foreign jurisdiction were both in court in person; the ground relied upon for the divorce was one recognized as a fault and as a cause for divorce by the laws of this State; and the decree there provided that a sum of money be paid to the wife (although she was at fault) "in full of all claims, right of dower, or otherwise, in the property, whether personal or real, of the husband." The question before the court there arose in an ejectment proceeding, and the wife was in the attitude of having received a sum of money in lieu of her property rights and afterwards insisting upon claiming them.

The doctrine contended for by defendants in error is, to our minds, wholly irreconcilable with a proper sense of right and justice. The logical effect of holding this property liable for the debts of the husband would be to maintain that upon abandoning her and obtaining a divorce in Missouri the husband could have immediately

returned to Illinois and himself ousted the wife of the homestead and all other property rights in his estate, because, forsooth, the Missouri court, having jurisdiction of his person, without actual notice to her had decreed that she was so at fault in her marital relations to him that he was entitled to a divorce. It requires but little reflection, and no ingenuity, to show that under such a rule husbands or wives could successfully consummate a most outrageous wrong upon the other without the possibility of defense. Upon these considerations we hold the estate of homestead in Margaret Lynn unaffected by the Missouri divorce.

The remaining question is, did the wife lose her homestead estate after that time? She was, as stated, temporarily away from it, but part of her household goods were left there and she was at all times in possession and control. From the evidence it appears she did not leave it with the intention of abandoning her homestead estate. We have often held that after homestead has once been acquired, a temporary absence therefrom, with an intention of returning, is not an abandonment. Her homestead estate being perfect at the date of the judgments rendered against her husband, the latter were not a lien upon and in no way affected it.

The judgments and sale are questioned. They appear to have been irregular, yet it is not necessary to further notice them.

Defendant in error Sentel can have no rights founded on his being an innocent purchaser for value without notice. Margaret Lynn being in possession of the premises, he and all other parties were chargeable with notice of her rights. The property was not legally liable to execution on judgments against Caleb Lynn.

The decree of the circuit court will be reversed and the cause remanded, with directions to proceed in conformity with the views here expressed.

*Reversed and remanded.*