## MARION O. PROCTOR

### *v.*

## NETTIE M. PROCTOR.

*Opinion filed April 17, 1905.*

1. DIVORCE—*when a court has no jurisdiction to decree alimony and solicitor's fee.* Service upon defendant in a divorce suit of a copy of the bill and notice of commencement of the suit, made at his place of residence in another State, does not, in the absence of appearance, give a court of this State jurisdiction to decree payment by him of alimony and solicitor's fees on granting the divorce.

2. SAME—*when decree is extra-territorial.* A divorce decree, entered by default, purporting to vest in the complainant an interest in real estate of the defendant situated in a foreign State, he having no property within this State, is in that respect extra-territorial and beyond the jurisdiction of the court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

CLARENCE A. BURLEY, and WILLIAM H. McSURELY, (EDWARD R. HILLS, of counsel,) for plaintiff in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

The defendant in error filed her bill in the circuit court of Cook county on the 18th day of April, 1901. The bill alleged the marriage of the parties, desertion for over two years on the part of plaintiff in error, and prayed that the marriage be dissolved and that the plaintiff in error be required to pay permanent alimony and solicitor's fees. No personal service was had in this State upon the plaintiff in error. The service on the plaintiff in error was by copy of the bill, with notice of commencement of suit, and was made at Piqua, Ohio, his place of residence. No appearance was entered by or for the plaintiff in error. The plaintiff in error was defaulted, and at the trial of the cause the bill was taken *pro confesso.* The court decreed that the marriage between the defendant in error and the plaintiff in error be dissolved, and that the defendant in error recover of the plaintiff in error the sum of $5 a week as alimony and the sum of $50 solicitor's fees, together with an undivided one-third interest in a house and lot belonging to the plaintiff in error, situated in the city of Piqua, county of Miami and State of Ohio. From the above decree the plaintiff in error sued out a writ of error from this court to reverse the decree in so far as it relates to the recovery of $5 per week as alimony, $50 as solicitor's fees and an undivided one-third interest in a house and lot belonging to plaintiff in error, situated in the city of Piqua, county of Miami and State of Ohio. The record shows plaintiff in error had no property within the State. The grounds relied on are, that the court did not acquire such jurisdiction of the person of plaintiff in error as authorized it to enter the money decree against him, and did not have jurisdiction to enter any decree affecting real estate in the State of Ohio.

That the court had no such jurisdiction of the person of plaintiff in error as authorized a money decree or decree *in personam* seems to be settled by the case of *Cloyd* v. *Trotter,* 118 Ill. 391. In that case a bill was filed to remove a cloud from real estate situated in this State. James C. Cloyd, the defendant to the bill, resided in the city of New York, and service was had upon him in that city by a copy of the bill, and notice, as in the case at bar. The defendant defaulted, and the relief prayed was granted and a judgment for costs against the defendant, Cloyd, was awarded. On error this court held that in so far as the proceeding was *in rem* the decree was valid, but that the court was without jurisdiction to enter a decree for costs against Cloyd, as that was *in personam.* In so far as the proceeding at bar related to the marital relation and its dissolution the proceeding is regarded as one *in rem,* and the court was warranted in entering its decree dissolving the same. But the court could go no farther. It could not enter any binding decree *in personam* against plaintiff in error. 2 Black on Judgments, sec. 933; 9 Am. & Eng. Ency. of Law, (2d ed.) 745; *Rigney* v. *Rigney,* 127 N. Y. 413; *Pennoyer* v. *Neff,* 95 U. S. 727.

So much of the decree as sought to vest in defendant in error an interest in real estate in Ohio was extra-territorial and beyond the jurisdiction of the court. That part of the decree was purely a proceeding *in rem,* and the *res* having its situs in another State, must be controlled by the laws of the State of its situs. *Lynn* v. *Sentel,* 183 Ill. 382; *Pennoyer* v. *Neff, supra;* Story on Conflict of Laws, sec. 539.

In decreeing alimony, solicitor's fees and an interest in the land in Ohio the court was in error, and in those respects the decree is reversed. As to the divorce no reversal is asked, and the decree remains in force and is affirmed. Plaintiff will have judgment for costs.

*Decree reversed in part.*