362 So.2d 380 (1978)
Raymond PARRA, Appellant,
v.
Halleen F. PARRA, Appellee.
No. GG-372.
District Court of Appeal of Florida, First District.
August 22, 1978.
Rehearing Denied October 10, 1978.
*381 Britt Whitaker, Tampa, for appellant.
John D. Hooker and E.C. Watkins, Jr., Tampa, for appellee.
BOYER, Acting Chief Judge.
Appellant seeks review of an order of the trial court requiring him to execute and deliver to his former wife, appellee, a deed conveying to her an undivided one-half interest in certain lands located in the State of North Carolina. We reverse.
The record reveals that in 1972 appellant filed a petition for dissolution of marriage in the Circuit Court of Marion County praying, inter alia, that the court make an equitable division of certain real property owned by the parties in Silver Spring Shores in Marion County. The wife, appellee here, filed an answer and an amended answer in which she alleged, inter alia, "that in addition to the home located at Silver Spring Shores, Marion County, Florida, the wife had a special equity in 73.94 acres of real property containing a cabin in the State of North Carolina, which she asks the court for an equitable division". The trial court thereafter entered a final judgment dissolving the marriage but reserving jurisdiction to settle property rights. Finally, in November of 1972 the court entered an order awarding to the wife various lump sum alimony, rehabilitative alimony, costs, attorney's fees and "one-half interest of whatever interest the petitioner, Raymond Parra might have in property located in Qualla Township, Jackson County, North Carolina." The court retained jurisdiction only with reference to rehabilitative alimony and a requirement of a physical examination of the wife by a medical doctor of her choosing. The order did not require conveyance by Mr. Parra, nor did it prescribe a time for performance. (See Fla.R. Civ.P. 1.570) Neither did the evidence, the final judgment nor the order reveal any legal description of the property. Although, at the time of the order, the court had jurisdiction of the parties it did not have jurisdiction of the property. (See 8 Fla.Jur., Courts, § 95) Having failed to require a conveyance or prescribe a time for performance there was no requirement under the order or the law that Mr. Parra do anything other than pay the alimony, attorney's fees and costs.
Four years later, long after the judge who had signed the order ceased to be a circuit judge, Mrs. Parra filed a petition entitled "Petition for Clarification and Enforcement of Final Judgment". In that petition she alleged entry of a final judgment "for division of property" (notwithstanding that the final judgment did not in fact require any division of property); that Mrs. Parra "was awarded one-half interest of whatever interest the petitioner, Raymond Parra, might have had in property located in Qualla Township, Jackson County, North Carolina"; that Mr. Parra "owned in fee simple 73.87 acres of real property in the County of Jackson, Qualla Township, State of North Carolina, on November 22, 1972 (the date that the above mentioned order was entered); that Mrs. Parra "is uncertain as to what legal title she might have in the property located in Qualla Township, Jackson County, North Carolina" and that Mrs. Parra prayed the court to take jurisdiction and to "clarify and enforce the terms of the final judgment of dissolution of marriage by ordering the petitioner, Raymond Parra, to convey by quit claim deed to the respondent an undivided one-half interest in the property that the petitioner owned in Qualla Township, Jackson County, North Carolina on November 22, 1972 * * *" Again, the petition failed to allege the legal description of any property in North Carolina and failed to allege any facts, or even conclusions, for "clarifying" either the final judgment or the order entered four years earlier. Mr. Parra thereupon filed an answer to the petition for clarification calling to the court's attention that the petition "wholly *382 fails to state a factual basis upon which to invoke the declaratory jurisdiction of this honorable court in that same fails to allege the existence of a justiciable issue" and attached thereto copies of three quit claim deeds revealing that in 1968, long before the commencement of the dissolution proceeding and even longer before the entry of the final judgment and subsequent order, the property in North Carolina had been conveyed to other persons, viz: to Mr. Parra's children and their spouses. The evidence reveals that that conveyance was upon the condition that in the event of a default of the annual payments due on the outstanding mortgage or in the event of dissolution proceedings involving the marriage of any of the children, they were to reconvey their respective interests to Mr. Parra and that in 1972, prior to the entry of the final judgment and order in this case, a default in the payment of the mortgage occurred. In 1973, one of Mr. Parra's children was divorced whereupon the property was reconveyed to Mr. Parra.
On the foregoing state of the evidence and record, a successor circuit judge, in the absence of any proceeding or evidence to determine the intention and purpose of the circuit judge who entered the order sought to be clarified (See Boynton v. Canal Authority, 311 So.2d 412, (Fla. 1st DCA 1975)) entered the order here appealed ordering for the first time Mr. Parra to execute and deliver to his former wife a quit claim deed and describing for the first time a parcel of property in the County of Jackson, Qualla Township, State of North Carolina.
It is clear, as already stated, that the circuit judge who entered the final judgment and order at the time of the dissolution of marriage had no jurisdiction of the North Carolina property and that although he had jurisdiction of the parties he made no order directing any action by Mr. Parra with relation to the subject property. It is equally clear that at the time the order was entered Mr. Parra had no interest in the North Carolina property and there was no attempt whatsoever to prove any interest retained by him nor to prove that the conveyance to his children and their spouses was fraudulent or otherwise invalid.
The subsequent "petition for clarification and enforcement of final judgment" was inadequate and there was a total failure to comply with the law relative to construction of ambiguous judgments or orders as laid down in prior decisions of this and other courts. Further, the record reveals no evidence to sustain the order of the successor judge which is here appealed.
Our reversal sub judice should not be interpreted as a holding that a circuit judge, having jurisdiction of a cause of action and parties, is powerless to enforce remedies involving lands beyond the jurisdiction of the court. Certainly the contrary is true. However, in order to do so the court's jurisdiction must be exercised over the parties as distinguished from the land. (See 12 Fla.Jur., Equity § 71 and authorities therein cited) In this case, as already noted, the original circuit judge made no attempt to exercise his coercive power to compel performance of any act relative to the property in North Carolina. Indeed, it would have been impossible for him to have done so since the record did not even reveal a description of the property.
Four years elapsed after the entry of the final judgment and order by the former judge and prior to the filing of the "Petition for Clarification and Enforcement of Final Judgment". In the meantime, the time for appeal had expired and the Final Judgment and subsequent order became final. The successor judge, still laboring with an inadequate record, was further hampered by the failure of the appellee (upon whom the burden rested) to initiate any proceeding or adduce any evidence to determine the intention and purpose of the original circuit judge whose order she sought to have clarified. (See, for example, Boynton v. Canal Authority, supra)
Both the procedure and evidence having been deficient, we hold that the learned trial judge erred when entering the order here appealed.
SMITH, J., and BLACK, SUSAN H., Associate Judge, concur.