*In re* MARRIAGE OF PATTY ANN MILLER, Petitioner-Appellant, and ROBERT J. MILLER, Respondent-Appellee.

Fourth District   No. 4—82—0235

Opinion filed July 19, 1982.

Greaves, Lerner & Gadau, of Champaign, for appellant.

Tepper & Gwinn, of Urbana (John Gwinn, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

In this appeal we are again called upon to adjudicate yet another aspect of the dissolution of the marriage of these parties. In *In re Marriage of Miller* (1980), 88 Ill. App. 3d 370, 410 N.E.2d 649, we considered a contempt citation against the husband for failure to abide the orders of the trial court. *Miller v. Miller* (1980), 88 Ill. App. 3d 893, 411 N.E.2d 118, concerned the proper partition of Illinois lands. We now turn our attention to certain property in Florida owned by the parties and the subject matter of this, the latest controversy to reach this court. Only *Sidwell v. Sidwell* (1981), 102 Ill. App. 3d 56, 429 N.E.2d 539, which was the fifth appeal between those parties, appears to have a longer tenure in the acrimony of dissolution.

The property involved in this case consists of two lots in Collier County, Florida. Copies of the deeds in the record indicate that one of them was conveyed to the respondent in his name alone; the other was conveyed to petitioner and respondent, the exact nature of the tenancy not being clear from the instrument. In its supplemental order of dissolution distributing the property of the parties, the circuit court of Douglas County found that the Florida lots were marital

property and ordered that each party take a one-half interest in each of them. There was no further order directing either party to take any action relating to the lots.

The instant litigation was commenced by petitioner's filing in the circuit court of Douglas County a petition for rule to show cause and for injunction. In it she recited the facts concerning the Florida property, *i.e.*, that the court had previously decreed that each party owned a one-half interest; she further alleged that respondent had refused to convey to her her one-half interest in the Florida realty; that she had filed a partition suit in Florida; and that respondent was resisting that suit. The prayer for relief was that respondent be held in contempt, presumably for his refusal to execute a deed to the Florida property; that he be directed by injunction to make such a conveyance; and that he be further enjoined from resisting the partition suit in Florida.

The record before us also contains copies of some of the pleadings in the Florida litigation. In her amended Florida complaint petitioner sets up the supplemental judgment entered in the circuit court of Douglas County, Illinois, and asks that it be made the judgment of the Florida court; she then asks that the Florida real estate be partitioned by public sale and the proceeds divided equally. Respondent filed a motion to strike the Florida complaint, alleging that the Illinois court was without jurisdiction to affect title to real estate in Florida and its judgment was void insofar as it attempted to do so; the partition aspect of the complaint was attacked as being insufficient and not stating a cause of action. The record does not disclose the progress, or lack of it, of the Florida action.

The original petition for rule to show cause and for injunction was dismissed on motion of the respondent and an amended petition in essentially the same form was filed, setting up the same allegations. After briefing, the trial court held that there was no basis for contempt since it had not ordered respondent to do anything concerning the Florida property and the request came too late, the supplemental order of dissolution having been entered in March 1979, and the petition having been filed in October 1980. The court further held that it was without jurisdiction to enjoin respondent concerning his actions in Florida. It therefore dismissed with prejudice petitioner's amended petition, and this appeal followed.

■ Respondent first argues that the trial court's order of dismissal may be sustained on the basis that the original petition was dismissed for failure to separate the causes of action, contempt and injunction, and that the amended petition suffered from the same mal-

ady. (*Brainerd v. First Lake County National Bank* (1969), 109 Ill. App. 2d 251, 248 N.E.2d 542.) This is undoubtedly true, and it is a matter of law only. In such a case a reviewing court may sustain the trial court's ruling on any legal ground justified by the record. *Scott v. Association for Childbirth at Home, International* (1980), 85 Ill. App. 3d 311, 407 N.E.2d 71, *rev'd on other grounds* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012.

However, we believe that the appeal is possessed of more significant issues than the technicalities of pleading and decline to dispose of it on that basis.

The common element which threads its way throughout this case is that under the supplemental judgment of March 1979, respondent was not ordered to do anything concerning the Florida property, nor to refrain from doing anything. This presents problems of the delicate balance which exists between *in personam* and *in rem* jurisdiction.

Three factors exist in this legal equation: (1) it is not disputed that the trial court had personal jurisdiction over the respondent; (2) the trial court had no jurisdiction over real estate situated in another State; and (3) the supplemental order did not direct respondent to do, or to refrain from doing, anything with regard to the Florida real estate.

As to factor No. 2: it is so well established that little citation of authority is necessary. In *Proctor v. Proctor* (1905), 215 Ill. 275, 74 N.E. 145, the supreme court stated:

> "So much of the decree as sought to vest in defendant in error an interest in real estate in Ohio was extra-territorial and beyond the jurisdiction of the court. That part of the decree was purely a proceeding *in rem*, and the *res* having its situs in another State, must be controlled by the laws of the State of its situs. *Lynn v. Sentel*, 183 Ill. 382; *Pennoyer v. Neff*, [95 U.S. 714]; Story on Conflict of Laws, sec. 539." 215 Ill. 275, 277, 74 N.E. 145, 146.

The appellate court has stated that the rule "is self-evident and an established conflicts of law rule." *Chirekos v. Chirekos* (1975), 33 Ill. App. 3d 606, 607, 338 N.E.2d 140, 141.

■ It then follows that the portion of the supplemental order in the instant case which purported to adjudicate title to the Florida real estate has no extraterritorial effect. Petitioner argues that since the trial court had personal jurisdiction over the respondent, the defect is cured; that the trial court may order him to convey in order to carry out the provisions of the order; and that it is contumacious for him to refuse and to attack the jurisdiction of the Illinois court in the Florida

proceeding. We do not so view the matter.

The argument ignores factor No. 3. For whatever reason, the supplemental order stops short of ordering respondent to do, or refrain from doing, anything concerning the Florida property. The respondent is entitled to know with precision exactly what he is required to do, or not do, before he can be restrained or held in contempt. Compare *O'Leary v. Allphin* (1976), 64 Ill. 2d 500, 356 N.E.2d 551; *Illinois School Bus Co. v. South Suburban Safeway Lines, Inc.* (1971), 132 Ill. App. 2d 833, 270 N.E.2d 200.

If a court has obtained *in personam* jurisdiction over a respondent, it is beyond dispute that its jurisdiction continues in order to enforce its orders. (*Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 398 N.E.2d 5.) However, there is a distinct difference between enforcement and modification. *Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406.

As regards foreign real estate, a trial court, having personal jurisdiction, may order a conveyance thereof and enforce that order. (*Brickey.*) It may also impose an equitable lien thereon, since such an interest does not affect the title but is only remedial in nature. (*Chirekos.*) It may sequester the rents and profits. (*In re Marriage of Miller* (1980), 88 Ill. App. 3d 370, 410 N.E.2d 649.) No authority exists holding that an Illinois court may adjudicate title to foreign real estate *in vacuo* and then, because it has personal jurisdiction of the respondent, force a conveyance under the guise of enforcement.

The essence of petitioner's pleadings is that of modification, *i.e.*, to require a conveyance about which the supplemental order was silent. As such, and the order being more than 30 days old, they do not comply with section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)), and the trial court properly dismissed them.

We turn next to the question of the Florida partition suit. Petitioner argues that respondent should be restrained from defending it and should be held in contempt for collaterally attacking the jurisdiction of the Illinois court. Respondent argues that the supplemental judgment is void insofar as the provision regarding Florida real estate is concerned for lack of subject-matter jurisdiction and thus may be attacked at any time and in any place. (*Oakman v. Small* (1918), 282 Ill. 360, 118 N.E. 775.) We do not agree that the order is void on its face, since the trial court had personal jurisdiction of the respondent, and if the proper case for modification could be made out, the court could indirectly affect the Florida title by compelling a conveyance.

*Fall v. Eastin* (1909), 215 U.S. 1, 54 L. Ed. 65, 30 S. Ct. 3.

██ ██Nonetheless, we perceive no good reason for preventing the respondent from setting up the lack of extraterritorial effect of the order. The supreme court has said that enjoining foreign actions is a matter to be treated with "great delicacy" and a "great restrain." (*James v. Grand Trunk Western R.R. Co.* (1958), 14 Ill. 2d 356, 363, 152 N.E.2d 858, 862.) The cases in which the power had been invoked are factually inapposite to the instant one. They all involved a defendant, who, being disgruntled with the results in Illinois, attempted to relitigate the same issues in a sister State. (*E.g., Wells v. Wells* (1976), 36 Ill. App. 3d 91, 343 N.E.2d 215.) Here, the petitioner was apparently attempting to register the Illinois judgment in Florida and then use it as a springboard for a partition action. There is no indication that Florida has adopted the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1981, ch. 110, par. 12—601 *et seq.*; Ill. Ann. Stat., ch. 77, par. 88, at 128 (Smith-Hurd Supp. 1981)). Nor is there any further indication that Florida, like Illinois (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34), would recognize a marital order under that Act.

So far as the record here indicates, respondent was simply stating the law in his motion to dismiss: (1) that the Illinois order had no extraterritorial effect, and (2) that a proper partition action had not been stated. Such action is neither contumacious nor subject to restraint.

The dismissal order of the circuit court of Douglas County was correct and it is affirmed.

Affirmed.

GREEN, P.J., and MILLS, J., concur.