479 So.2d 223 (1985)
Willis Dexter SAMMONS, Appellant,
v.
Julia Sullivan SAMMONS, Appellee.
Nos. 85-234, 84-2654.
District Court of Appeal of Florida, Third District.
December 3, 1985.
*224 Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellant.
Harold Peter Barkas, Prunty & Olsen, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The appellee, Julia Sammons, was the plaintiff below in an action seeking, among other things, to enforce against her ex-husband, Willis, the following portions of a Colorado decree which dissolved their marriage:
THE COURT finds that as of this time, there are four pieces of real estate owned by the parties:... a house in Miami, Florida; two adjoining warehouse buildings in Miami, Florida, and a lot in Florida City, Florida, all of which is Marital Property.
* * * * * *
IT IS FURTHER ORDERED that the four parcels of real estate, ... the Miami house, the Miami warehouse buildings and the Florida City lot be marketed and sold... . In each instance, the broker shall be designated by mutual agreement between the parties and their counsel, and the cash sales price shall be as agreed or as ordered by the Court. At the time of sale, all expenses of sale shall first be paid out of the proceeds, and the remaining balances from such real and personal property so sold shall be equally divided between the parties.
At the commencement of the litigation, the trial court entered an injunctive order restraining the disposition of the property in question, from which Sammons took an authorized non-final appeal. Fla.R.App.P. 9.130(a)(3)(B). Prior to the disposition of that appeal, the trial court, over Sammons' procedural and substantive objections, entered final judgment against him which afforded full faith and credit to the Colorado decree and thus required the Florida realty to be disposed of in accordance with its terms. On Sammons' plenary appeal, we reverse the judgment[1] for two separate reasons.
1. It is clear that the lower court lacked jurisdiction to enter a final judgment while the non-final appeal was pending in this *225 court.[2] Fla.R.App.P. 9.130(f) ("the lower tribunal may not render a final order disposing of the cause pending such [non-final appellate] review."); Darden v. Police & Fire Civil Service Board, 423 So.2d 543 (Fla. 4th DCA 1982); Carter v. Dorman, 385 So.2d 740 (Fla. 3d DCA 1980).
2. On the merits, the Colorado decree was not entitled to full faith and credit and its consequent enforcement because it constituted an in rem judgment, directly affecting the title to realty in another state, and was to that extent therefore entered without jurisdiction. Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909); Overly v. Overly, 66 So.2d 706, 707 (Fla. 1953); see Blackmon v. Blackmon, 466 So.2d 1276 (Fla. 3d DCA 1985) (foreign judgment adjudicating and awarding an undivided one-half interest in Florida realty not entitled to full faith and credit in Florida); In re Marriage of Miller, 108 Ill. App.3d 63, 63 Ill.Dec. 797, 438 N.E.2d 939, 942 (1982) (where each party to a divorce ordered to take a one-half interest in certain Florida realty, "the portion of the supplemental order ... which purported to adjudicate title to the Florida real estate has no extra-territorial effect"). While Ms. Sammons invokes the concomitant principle that a court may in directly affect extra-territorial realty by an in personam order, requiring a conveyance or the like, against a party over whom it has personal jurisdiction, see Parra v. Parra, 362 So.2d 380, 381 (Fla. 1st DCA 1978), this rule does not apply here. The Colorado court did not even purport to order either party to take any individual action concerning his or her interest in the Florida property. See Parra; McRary v. McRary, 228 N.C. 714, 47 S.E.2d 27 (1948). Compare, e.g., Varone v. Varone, 359 F.2d 769, 771 (7th Cir.1966); Rozan v. Rozan, 49 Cal.2d 322, 317 P.2d 11 (1957). It simply required a forced sale of the property and an equal distribution of the proceeds; it was, in other words, neither more nor less than an order for partition of the property. O'Hara v. O'Hara, 327 So.2d 242 (Fla. 1st DCA 1976); see Bell v. Bell, 112 So.2d 63 (Fla. 3d DCA 1959). A partition judgment is unquestionably in rem. Miller v. Griffen, 99 Fla. 976, 128 So. 416, 419 (1930); T.J.K. v. N.B., 237 So.2d 592, 594 (Fla. 4th DCA 1970).
Accordingly, the judgment below is reversed for further proceedings not inconsistent herewith.[3]
Reversed.
NOTES
[1] We consider that this disposition moots the issues raised in the non-final appeal, which has been consolidated for disposition.
[2] Since it is obvious that no further judicial labor  apart from possible appropriate enforcement proceedings  was required after its entry, we reject the appellee's suggestion that the order below was not in fact a "final judgment" within the scope of this principle. Hensley v. Palmer, 59 So.2d 851 (Fla. 1952); Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981).
[3] While, even absent the jurisdictional defect, the judgment below could not be upheld as, in effect, an appropriate judgment for partition because neither the complaint nor the evidence complied with the requirements of Chap. 64, Fla. Stat. (1983), see Smith v. Smith, 399 So.2d 1025 (Fla. 3d DCA 1981); Sanders v. Sanders, 351 So.2d 1126 (Fla. 2d DCA 1977); O'Hara, Ms. Sammons is of course free to seek such relief after remand. Since the Colorado dissolution has rendered the couple tenants in common of the property previously held by the entireties, § 689.15, Fla. Stat. (1983), she has the right to partition as a matter of law. Bell v. Bell, 112 So.2d 63 (Fla. 3d DCA 1959).