PER CURIAM.
David F. Wightman appeals an order denying full faith and credit to an Illinois final judgment in his divorce action against Barbara R. Wightman. We reverse.
The parties were married and maintained their marital domicile in Illinois. The husband commenced a divorce action there and had process served on his wife, who had moved to Florida, by means of the long arm statute. The complaint requested a dissolution of marriage and distribution of property. The wife did not contest the proceedings and a default was entered. The husband filed a petition to establish the foreign decrees of divorce and property distribution as final judgments in Florida. The wife responded with a motion to dismiss which the court granted on the grounds that the relief granted in the judgment of dissolution and the supplemental judgment of dissolution exceeded that asked for in the original complaint and that the wife was thus entitled to a renewed opportunity to appear and defend. The husband appeals.
The focus of this appeal is whether the Illinois court went beyond the relief initially sought in the pleadings[1] in making its distribution of property. The appellee wife prevailed below based on the due process argument that because the pleadings did not specifically request that she be required to return property to Illinois, that court could not dispose of the rights to property which she had moved to Florida. She claimed that such “additional relief” could only be granted when she, as the defaulting party in the divorce proceedings, had been given a renewed opportunity, by means of proper notice, to appear and defend in the property distribution portion of the proceedings.
*1008 The appellant husband counters that because the Illinois court had personal jurisdiction over the wife, the substituted service effected on her in Florida gave that court jurisdiction to decide rights to property she held outside the forum and that, consequently, the pleadings were sufficient to notify her that the Illinois court could well require her to return the husband’s properly which she had in her possession. We agree. Because substituted service was properly effected on the wife under the Illinois long arm statute, Ill.Rev.Stat. ch. 110, para. 2-209(b) (1985), and because the Illinois court did not go beyond the relief initially sought in the pleadings in making its final judgment, the wife’s claim below was groundless. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984); see Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Parra v. Parra, 362 So.2d 380 (Fla. 1st DCA 1978); Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976).
Accordingly, the order denying full faith and credit to the Illinois divorce decree and property distribution is reversed and the case is remanded for further proceedings consistent with this opinion.

. In his complaint, the husband requested that:
A. The parties be awarded a Judgment of Dissolution of Marriage dissolving the bonds of matrimony existing between the parties.
B. The petitioner he awarded his just portion of the marital property of the parties.
C. The petitioner be awarded his non-marital property.
D. That the petitioner may have such other relief as may be just.