WENTWORTH, Judge.
Appellant seeks review of an order denying his complaint for partition of property owned by the parties as tenants in common. He contends the Florida trial court erred in refusing to grant the complaint on grounds that a Georgia court previously adjudicated the rights and status of the parties as to the Florida property. We affirm, finding that the order entered by the Georgia court construed a settlement agreement and dissolution decree to give the former wife exclusive use of the Florida property, and that the Florida court properly afforded the Georgia order full faith and credit on the issue of contract interpretation.
The parties were divorced in 1982 by a final judgment of dissolution entered in the Superior Court of Newton County, Georgia. The final judgment and decree incorporated a settlement agreement entered into by the parties which provided for the disposition of a vacation home located in Destín, Florida, and acknowledged vesting of a one-half undivided interest in the property in the former husband and the former wife. The settlement agreement provided:
The parties hereto acknowledge that the first party [former husband] has deeded to the second party [former wife] an undivided one half interest as tenants in common of the property located at 621 Chocktaw Drive, Holiday Isle, Destín, Florida, and the parties agree that title to said property shall remain as such, and that second party [former wife] shall have exclusive use of said property, subject to the following terms and conditions, ... (e.s.)
Appellant on October 9, 1986 filed a motion for contempt in the Superior Court of Newton County, Georgia, alleging that the former wife’s refusal to comply with his demand that the vacation home be placed *302 on the market for sale was in violation of his rights under the settlement agreement. Appellant requested the court to enter an order allowing him to sell the property and to grant him a reasonable attorney’s fee. The former wife responded with a motion for contempt alleging that the former husband had failed to pay for certain repairs to the vacation home. Following a hearing and amendments to encompass declaratory relief, the Georgia trial court entered an order denying the former husband’s motion for contempt, finding him in violation of the divorce decree, and granting the former wife’s motion. Appellant sought a discretionary appeal in the Supreme Court of Georgia, which denied the request. Appellant on July 8, 1987 filed a complaint in the circuit court for Okaloosa County, Florida, seeking partition of the vacation home. Following a hearing, the Florida trial court denied the former husband’s complaint for partition on grounds that the Georgia trial court in the prior proceeding had adjudicated the controlling rights of the parties.
We find that the Georgia trial court, in ruling on the motions for contempt and declaratory relief, necessarily interpreted the terms of the settlement agreement and dissolution order as to the property interests of the parties in the vacation home. The court determined in effect that the settlement agreement did not simply create a tenancy in common since it also gave the wife “exclusive use” of the property, subject to the former husband’s right to occupy the vacation home for 30 days each year, and provided that “the parties agree that title to said property shall remain as such.” The Georgia judgment necessarily recognized the wife’s contractual right to exclusive use of the home as a right given in excess of her rights as a tenant in common, and construed the provision for “title to ... remain as such” as a durable term of the agreement. We are presented in this case only with a claim for partition absent any modification of the agreement. The Georgia court was the proper forum in which the parties’ contract rights under the settlement agreement and dissolution decree were to be decided, see Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981), and the Florida court properly afforded the Georgia order full faith and credit. Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985).
The order is affirmed.
THOMPSON and WIGGINTON, JJ., concur.