PATTERSON, Judge.
The husband appeals from a final judgment of dissolution of a 22 year marriage. We affirm in part and reverse in part.
The husband voluntarily did not appear at the non-jury trial. He was, however, represented by counsel. As a result, the vast majority of the record consists of evidence presented by the wife. Although we might differ with the trial judge as to some of his awards, we cannot conclude that he abused his discretion based on the record presented to us. Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985). Therefore, the judgment is affirmed, with the exception of an attempted disposition of the parties’ Illinois property.
The final judgment orders the sale of 37 acres of real property located in West Frankfort, Illinois, and a disproportionate division of the net proceeds of the sale. The effect of this provision is to attempt the partition of this real estate without proper pleadings or authority. Young v. Young, 507 So.2d 614 (Fla. 2d DCA 1987); O’Hara v. O’Hara, 327 So.2d 242 (Fla. 1st DCA 1976). In no event could the lower court effect a partition of lands outside this state. Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985). That portion of the final judgment ordering the sale of the Illinois property and the division of the proceeds of sale is reversed. We recognize that reversing one segment of the trial court’s plan of equitable distri-button can throw the overall scheme out of balance. On remand, therefore, the trial court is authorized to redetermine all provisions of the final judgment as it may deem necessary.
Affirmed in part, reversed in part and remanded with directions.
DANAHY, A.C.J., and FRANK, J., concur.