854 So.2d 286 (2003)
Thomas POLKOWSKI, Appellant,
v.
Laurie POLKOWSKI, Appellee.
No. 4D02-2817.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
Mitchell Haymes of Law Offices of Glantz & Glantz, P.A., Plantation, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Steven L. Berzner of Steven L. Berzner, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The effect of state boundaries on a court's jurisdiction over property to be distributed in a dissolution proceeding frames the issue in this appeal. The husband challenges the final judgment dissolving his marriage and distributing the marital property. He raises two issues on appeal. First, the husband argues that the trial court lacked the authority to order the partition of the marital residence located in Plantation, Florida. Second, he argues that the trial court lacked jurisdiction to order the sale of real property located in North Carolina. We reverse that portion of the final judgment ordering the sale of the North Carolina property and affirm in all other respects.
The final judgment provides, "The real property located in Murphy, North Carolina shall be sold and the net proceeds of the sale shall be equally divided by the parties." Like lines in the sand, state boundaries determine a court's jurisdiction over real property. In this case, the trial court lacked in rem jurisdiction over the North Carolina property. It erred in that portion of the final judgment ordering the partition and sale of the North Carolina property. See Pawlik v. Pawlik, 545 So.2d 506, 507 (Fla. 2d DCA 1989); see also Sammons v. Sammons, 479 So.2d 223, 225 (Fla. 3d DCA 1985); Farley v. Farley, 790 So.2d 574 (Fla. 4th DCA 2001).
We therefore reverse the judgment in part and remand the case to the trial *287 court. Upon remand, the court may reconsider the distribution of all marital assets in light of this opinion. See Pawlik, 545 So.2d at 507.
Affirmed in part, reversed in part, and remanded.
STEVENSON, MAY, JJ., and CHAVIES, MICHAEL B., Associate Judge, concur.