DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT PAUL BROWN, JR.,**
Appellant,

v.

**MICHAEL SCOTT BROWN,**
Appellee.

No. 4D12-2446

[July 15, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin Colin, Judge; L.T. Case No. 502009CP004124XXXXSB.

Craig A. Boudreau, Wellington, for appellant.

Nancy Guffey and Peter M. Feaman of Peter M. Feaman, P.A., Boynton Beach, for appellee.

GERBER, J.

An estate beneficiary appeals from the circuit court's final order directing the personal representative to divide and *distribute* "the [decedent's] *Georgia real estate* and Florida real estate and other miscellaneous inventory assets of the Estate" amongst several estate beneficiaries. The appellant primarily argues that the circuit court lacked jurisdiction to direct the personal representative to *distribute* the decedent's Georgia real estate.

We agree and reverse that portion of the order on appeal. *See Polkowski v. Polkowski*, 854 So. 2d 286, 286 (Fla. 4th DCA 2003) ("Like lines in the sand, state boundaries determine a court's jurisdiction over real property," and thus the court lacked *in rem* jurisdiction to order the partition and sale of foreign property); *Pawlik v. Pawlik*, 545 So. 2d 506, 507 (Fla. 2d DCA 1989) ("In no event could the [circuit] court effect a partition of lands outside this state.") (citation omitted); *In re Roberg's Estate*, 396 So. 2d 235, 235-36 (Fla. 2d DCA 1981) ("When a testator executes a will devising lands in two or more states, the courts in each state construe it as to the lands located therein as if devised by separate wills.") (citations omitted).

To partition property from outside this state, the personal representative needs to open an ancillary action in Georgia. *See* § 64.022, Fla. Stat. (2012) (a suit for partition "shall be brought in any county where the lands or any part thereof lie which are the subject matter of the action.").

In all other respects, we affirm the order on appeal without further discussion.

*Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.*

STEVENSON and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***